[Cite as *State v. Bolden*, 2017-Ohio-6931.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,                    CASE NO. 1-16-58

     v.

BRANDON L. BOLDEN,                   O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Allen County Common Pleas Court
Trial Court No. CR 2016 0008

Judgment Affirmed

Date of Decision: July 24, 2017


APPEARANCES:

    *Michael J. Short* for Appellant

    *Jana E. Emerick* for Appellee

Case No. 1-16-58

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Brandon Bolden ("Bolden") brings this appeal from the December 6, 2016 judgment of the Allen County Common Pleas Court upon his conviction of two counts of Felonious Assault, both in violation of R.C. 2903.11(A)(2), both felonies of the second degree (Counts One and Two); and Aggravated Robbery, in violation of R.C. 2911.1(A)(1), a felony of the first degree (Count Three). Firearm specifications, in violation of R.C. 2941.145(A), were also contained in all three counts. On appeal, Bolden argues that, during his jury trial, he was unfairly prejudiced when the trial court admitted into evidence audio recordings of his telephone calls from the county jail.

*Facts and Procedural History*

{¶2} On January 1, 2016, Devante Neal ("Neal") and Javionte Gilcrease ("Gilcrease") walked to the Certified Gas Station on Pine and Kibby Streets in Lima, Ohio to purchase cigarettes. (Tr. 30). While at the gas station, they encountered three males. When leaving the gas station, one of the three men asked Gilcrease if he was a "crip". (Tr. 34). Neal and Gilcrease left the gas station shortly thereafter and caught up to the three men who were also on foot. (Tr. 35). The three men were later identified as Brandon Bolden, Alundrous Sanders and Jeremy Pryor. (Tr. 90).

-2-

**{¶3}** When Neal and Gilcrease caught up to the men, one of the men approached them, pointing a gun at Gilcrease and ordered him to empty his pockets. (Tr. 37). When Gilcrease refused, the gunman shot Gilcrease and took $40 and his cell phone. (Tr. 67-68). While this was transpiring, Neal took off running, but not before he was also shot by the gunman.

**{¶4}** Police were dispatched to a "shots fired" call in the area of the Certified Gas Station on Kibby and Pine. (Tr. 85). Officers were advised that three black males were seen running from the area into a house located at the corner of Dingledine and Madison, later identified as 821 Madison. (Tr. 86, 88). At the residence, officers discovered two men, Alundrous Sanders and Jeremy Pryor, who matched the description given by witnesses. (Tr. 90). During their investigation (of 821 Madison), officers found a pistol hidden in the basement of the house. (Tr. 91). Ultimately, the shell casings found at the scene were matched to this gun. (Tr. 170).

**{¶5}** While conducting their investigation, officers located Bolden in the alley outside of 821 Madison. Bolden matched the description of the third suspect and was taken into custody. (Tr. 95). During a search of Bolden (at the Allen County Jail) Gilcrease's cell phone was found in his pocket. (Tr. 205-206). Further, while at the Allen County Jail, a gunshot residue swab was performed on Bolden's hands. (Tr. 126). It was later determined that Bolden had gunshot residue on both hands. (Tr. 184).

**{¶6}** Additionally, investigating officers made contact with the Certified Gas Station to view their security video from January 1, 2016 and were able to identify Bolden in the video. (Tr. 193, 118).

**{¶7}** On February 12, 2016 Bolden was indicted on two counts of felonious assault (with gun specifications), two counts of aggravated robbery (with firearm specifications), and one count of carrying a concealed weapon. Bolden pled not guilty to all of the charges at his arraignment on February 19, 2016.

**{¶8}** On October 18, 2016, Bolden's case proceeded to a jury trial. At the conclusion of the State's case, counsel for Bolden moved for a directed verdict (Crim.R. 29) as to Counts Four and Five. In response, the State moved to dismiss Count Five. The trial court granted the dismissal of Count Five and acquitted Bolden of Count Four. Thereafter, the jury found Bolden guilty on Counts One, Two, and Three and relating gun specifications. Bolden was sentenced to an aggregate sentence of twenty-two (22) years in prison by the trial court.

**{¶9}** It is from this judgment that Bolden appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN ADMITTING AUDIO RECORDINGS OF THE DEFENDANT'S TELEPHONE CALLS FROM JAIL, AS THIS EVIDENCE WAS UNFAIRLY PREJUDICIAL.**

*Standard of Review*

**{¶10}** We review the trial court's decision regarding the admission of evidence as an abuse of discretion. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶62, citing *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). "An abuse of discretion suggests the trial court's decision is unreasonable or unconscionable." *Brammer v. Meachem*, 3rd Dist. Marion No. 9-10-43, 2011-Ohio-519, ¶14, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶11}** Thus, our inquiry is limited to determining whether the trial court acted unreasonably, arbitrarily or unconscionably in deciding the evidentiary issues. *State v. Shipley*, 10th Dist. Franklin No. 12AP-948, 2013-Ohio-4055, ¶56.

*Analysis*

**{¶12}** In his sole assignment of error, Bolden argues that the trial court erred in admitting audio recordings of his telephone calls from jail. Specifically, Bolden asserts the admittance of the telephone recording was unfairly prejudicial to him and should have been excluded by the trial court pursuant to Evid.R. 403.

Evid.R. 403(A) provides:

> **Exclusion mandatory**. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

**{¶13}** In determining whether relevant evidence is inadmissible because its probative value is substantially outweighed by the danger of unfair prejudice,

"unfair prejudice" is that quality of evidence which might result in an improper basis for a jury decision. *State v. Wendel*, 3rd Dist. Union No. 14-16-08, 2016-Ohio-7915, at syllabus. In order for the evidence to be deemed inadmissible, its probative value must be minimal and its prejudicial effect great. *State v. Morales*, 32 Ohio St.3d 252, 258 (1987).

**{¶14}** Pursuant to Evid.R. 402, "[a]ll relevant evidence is admissible, * * *. Evidence which is not relevant is not admissible". Further, "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. Moreover, "all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant * * *". *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶107. "Furthermore, relevant evidence which is challenged as having probative value that is substantially outweighed by its prejudicial effects 'should be viewed in a light most favorable to the proponent of the evidence, maximizing its probative value and minimizing any prejudicial effect' to the party opposing its admission". *State v. Hurt*, 10th Dist. Franklin No. 95APA06-786, quoting *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984).

**{¶15}** In the case *sub judice*, Bolden's argument that he was unfairly prejudiced is centered around a conversation Bolden had with an unidentified

female believed to be Bolden's grandmother. (Tr. 209-212). Bolden made the call while incarcerated at the Allen County Jail, where inmate phone calls are monitored and recorded. (*Id.*).

**{¶16}** During the phone call, Bolden and the unidentified caller can be heard discussing a number of matters including: the person telling Bolden that she cannot afford to accept any more of his calls from the jail; the person telling Bolden about an appointment to get some dental work done; Bolden requesting money; a discussion regarding some paperwork for Bolden's attorney; and finally, a conversation regarding Bolden's pending charges.

**{¶17}** During the conversation regarding Bolden's charges, the unidentified person tells Bolden "yeah, you pretty much done", to which Bolden replies "yeah, yep, most likely". (State's Exhibit 35). Further, the unidentified person asks Bolden "did he give you the gun, or you had it, or what" and Bolden says "he did". (State's Exhibit 35).

**{¶18}** The trial court permitted the audio recording to be played to the jury which resulted in the following objection and exchange:

THE COURT:        You had an objection.

DEFENSE COUNSEL: I've got to ask for a mistrial at this point.

THE COURT:        Well, I'm not going to grant that.

DEFENSE COUNSEL: I'm just saying that I think it really prejudiced the jury. There's the grandmother's

conclusion that he's guilty. It contained talk that it was on the advice of counsel basically. That was when he had his first attorney. He was wanting her to get things from Coleman's. There's talk about that in there. Everything was terrible.

THE COURT: Your objection is noted. Do you want to respond?

PROSECUTOR: Yes, your Honor. As far as, I guess, the evidentiary rule approach, once again, anything that Mr. Bolden said is not hearsay because it's a statement by the party proponent. Anything that the grandmother said, well, the majority of the phone call, I suppose, technically could be irrelevant talking about visiting family members and putting money on books. That's just in there because, well, to show it's a complete phone call and it wasn't edited or tampered with in any way. That doesn't prejudice the defendant in any way, shape, or form. The other information specifically that the State intends to argue in closing is the comment 'did that other kid give you the gun' and his answer, 'yes, he did'. Now, as far as what the grandmother says there, that's not a statement that would amount to hearsay because it's a question. It's not a statement offered for the truth of the matter asserted. There's case law that says questions are not statements under hearsay. So, therefore, that comes in. Otherwise, we would just have a bunch of answers to nothing. That's why that's the way it is. She asked him a question and he answered. I think that's specifically what we're going to argue in that in his own statement when asked, not by law enforcement, when he was advised that it

could be recorded, she said, 'did the other guy give you the gun' and he said 'yes'. I think that all comes in as proper.

\* \* \*

THE COURT:    Okay. Alright. Okay. The objection is overruled. The Motion for a Mistrial is overruled. I'm going to give an instruction to the jurors. Okay?

(Tr. 214-216).

**{¶19}** Whereupon, the trial court admonished the jury as follows:

THE COURT:    Okay. Ladies and gentlemen of the jury \* \* \*.

Also, any assertions or statements the other person, the female voice, would have said I'm going to instruct you to disregard as far as you're not to listen to them as far as the truth of what she may have said. In other words, any statement she may have made, well, you can't consider that and take it to establish the truth of what she said. That's not the purpose. Now, if she asked questions or comments made, answers to questions, or things made by the defendant, well, if you find that was the defendant on the other side of the phone, you can consider that stuff. But, the statements of the female voice you're instructed to disregard. Okay? Go ahead.

(Tr. 216-217).

**{¶20}** The Supreme Court of Ohio has determined that a cautionary instruction given by the trial court will lessen the risk of unfair prejudice in the

admission of evidence. *State v. Williams*, 134 Ohio St.3d 521, 527, 2012-Ohio-5695. As noted above, the trial court gave a cautionary instruction to the jury relative to Bolden's taped conversation as set forth in State's Exhibit 35, instructing them to disregard the statements of the unidentified caller and only to consider the statements of Bolden.

{¶21} Pursuant to Evid.R. 801(D)(2), we find that Bolden's statements made during his recorded phone conversation are admissible as statements made by a party opponent. Evid.R. 801(D)(2) provides:

> **(D) Statements which are not hearsay.** A statement is not hearsay if:
> * * *
> **(2) Admission by party-opponent.** The statement is offered against a party and is (a) the party's own statement, * * * or (b) a statement of which the party has manifested an adoption or belief in its truth, * * *.

{¶22} In the case *sub judice*, the State played the audio recording introducing Bolden's concession to being involved in the shootings and robbery. Bolden, as the party opponent in this case, was *responding* to the comments and questions of the other person during their phone conversation. His responses were not only his own statements, but were his manifestations of the truth of the other person's comments. Thus, the unidentified person's comments and questions (to Bolden) only provided context to Bolden's admissions and nothing more. (See generally, *State v. Hardison*,

9th Dist. Summit No. 23050, 2007-Ohio-366, ¶7, quoting *State v. Spires*, 7th Dist. Noble No. 04 NO 317, 2005-Ohio-4471, ¶ 38).

**{¶23}** Further, Bolden asserts that he was unfairly prejudiced by the admission of the audio recording. In support of this argument of "unfair prejudice" Bolden asserts the statements of the unidentified person were unfairly prejudicial because that person stated that Bolden "was guilty of robbery and could be facing a lot of prison time". (Appellant's merit brief pg. 5). Moreover, Bolden asserts prejudice resulted by virtue of his family member's belief that he was guilty.

**{¶24}** In our review of the taped conversation, Bolden's argument is taken out of context as to what conversation actually occurred. The comments that "you aint going nowhere soon", "you pretty much done" and "that's robbery, right there" have limited probative value in light of Bolden's multiple admissions of responsibility. The sole purpose of the phone call was for the State to prove that Bolden was the person involved in the robbery and shootings. And, as we noted above, Bolden's statements were properly admitted under Evid.R. 801(D). Moreover, the statements of the female caller were not offered to prove the truth of the matter asserted, only to offer context to Bolden's admissions.

**{¶25}** Further, the trial court's cautionary instruction to the jury regarding the audio recording (to disregard the statements "of the female") was clear and unequivocal, and guided the jury as to the only statements (on the tape) of which

they could consider. " 'Unfair prejudice' does 'not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.' " *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶89, quoting *United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993). Thus, Bolden has failed to demonstrate that he was unfairly prejudiced by the admission of his taped telephone conversations.

{¶26} We find that in determining whether the introduction of the telephone recording violated Evid.R. 403, the trial court weighed the probative value of the recording against its prejudicial effect and did not act unreasonably, arbitrarily or unconscionably in finding that the probative value of the recording was not substantially outweighed by the danger of any unfair prejudice. Further, the trial court's cautioning instruction to the jury lessened the risk of unfair prejudice in the admission of the recording. Accordingly, the trial court did not abuse its discretion by admitting into evidence at trial the taped telephone conversation between Bolden and the unidentified female. We therefore overrule Bolden's sole assignment of error.

{¶27} Having found no error prejudicial to the appellant herein in the particular assignment of error, we affirm the judgment of the trial court.

***Judgment Affirmed***

**PRESTON, P.J. and SHAW, J., concur.**