THE STATE OF OHIO, APPELLANT, *v.* WILLIAMS, APPELLEE.

[Cite as *State v. Williams,* 134 Ohio St.3d 521, 2012-Ohio-5695.]

*Evid.R. 404(B) is in accord with R.C. 2945.59 in that it precludes the admission of evidence of other crimes, wrongs, or acts offered to prove the character of an accused in order to show that the accused acted in conformity therewith, but it does not preclude admission of that evidence for other purposes.*

(No. 2011-2094—Submitted September 25, 2012—Decided December 6, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 94965,

195 Ohio App.3d 807, 2011-Ohio-5650.

_____

SYLLABUS OF THE COURT

Evid.R. 404(B) is in accord with R.C. 2945.59 in that it precludes the admission of evidence of other crimes, wrongs, or acts offered to prove the character of an accused in order to show that the accused acted in conformity therewith, but it does not preclude admission of that evidence for other purposes.

_____

O'DONNELL, J.

{¶ 1} The state appeals from a judgment of the Eighth District Court of Appeals that reversed the convictions of Van Williams for rape, gross sexual imposition, kidnapping, and unlawful sexual conduct with a minor, and held, pursuant to *State v. Curry*, 43 Ohio St.2d 66, 330 N.E.2d 720 (1975), that other acts evidence offered to show a scheme, plan, or system is inadmissible unless it shows the background of the alleged crime or proves the identity of the accused. *State v. Williams*, 195 Ohio App.3d 807, 2011-Ohio-5650, 961 N.E.2d 1200 (8th Dist., en banc), ¶ 50-51. The appellate court determined that our holding in *Curry*

precluded the admission of evidence of a prior sexual relationship Williams had had with a different minor, because the sexual acts of that relationship had been "chronologically and factually separate occurrences" and the identity of the accused was not an issue at trial. *Id.* at 58.

{¶ 2} Pursuant to Evid.R. 404(B), however, evidence of other crimes, wrongs, or acts of an accused may be admissible to prove intent or plan, even if the identity of an accused or the immediate background of a crime is not at issue. Consequently, evidence that Williams had engaged in sexual relations with a teenage boy on previous occasions may be admissible to prove that Williams had a plan to target vulnerable teenage boys, to mentor them, and to groom them for sexual activity with the intent of sexual gratification. The rule precludes admission of evidence of crimes, wrongs, or acts offered to prove the character of an accused to demonstrate conforming conduct, but it affords the trial court discretion to admit other acts evidence for any other purpose, and therefore, we reverse the judgment of the appellate court and reinstate the judgment of the trial court.

### *Facts and Procedural History*

{¶ 3} Williams met J.H. at the Good Shepherd Baptist Church in East Cleveland, Ohio, became a mentor to him, as J.H. had no contact with his natural father and lived with his grandmother, and would often buy him gifts and pay him to do odd jobs at his home. In 2008, when J.H. was 14, Williams began to sexually abuse him. During a counseling session at his school, J.H. revealed to Michael Tesler that Williams had abused him, and as a result, Tesler notified the Cuyahoga County Department of Children and Family Services.

{¶ 4} A grand jury subsequently indicted Williams on 12 counts of rape, 12 counts of unlawful sexual conduct with a minor, 12 counts of kidnapping, 24 counts of gross sexual imposition, and one count of intimidation of a crime victim or witness.

{¶ 5} Prior to empaneling a jury, the state moved to admit evidence that Williams had had a similar relationship with a different teenage boy, A.B., a 16-year-old member of the high school swim team that Williams coached in 1997. In support of its motion, the state asserted that the fact that Williams's relationship with A.B. paralleled that with J.H. indicated a course of conduct constituting a common plan, demonstrated a distinct pattern of sexual conduct constituting a modus operandi, and, by reasonable inference, tended to prove Williams's intent to achieve sexual gratification with teenage males. Williams objected to the admission of the testimony of A.B. and requested a hearing, but the court deferred the hearing until after trial began.

{¶ 6} During opening statements, defense counsel told jurors that Williams had treated J.H. like a son but that J.H. had "betrayed" him and that the boy had "issues"—had made suicide attempts and liked pornography. Defense counsel suggested that J.H. had made up the accusation to get out of trouble: "[J.H.] is in the [school] office perhaps under a disciplinary situation for something related to inappropriate conduct regarding female students and so forth." Defense counsel further stated, "So he may be confused about his sexual preference. Mr. Williams is not. [J.H. is] in the office in this context being confronted with his own bad behavior, and this is the first time the evidence will show that this whole thing about Mr. Williams comes up."

{¶ 7} At a hearing, out of the presence of the jury, on the state's motion to admit the testimony of A.B., A.B. stated that at the time of his relationship with Williams, his father did not have an active involvement in his life and he trusted Williams. He explained that they had had a sexual relationship that lasted until the end of the school year that included kissing, masturbation, and oral sex in the high school locker room, as well as a sexual encounter at a swim meet. According to A.B., Williams received "some type of sexual gratification" when

he touched A.B.'s genitals. After transferring to another high school, A.B. disclosed the relationship to a tutor.

{¶ 8} Over objection, the court permitted A.B. to testify at trial, but at that time it also gave the following cautionary instruction: "The evidence [from this witness] is going to be received for a limited purpose. It's not going to be received, and you may not consider it, to prove the character of the Defendant in order to show that he acted in conformity or accordance with that character." The court also permitted Shawana Cornell, a social worker, to testify that Williams had admitted to her that he had been accused of sexual abuse about 12 earlier but that the charge in that matter had been reduced to misdemeanor assault. Cornell further testified that, in response to her question whether he was attracted to men or women or both, he responded that he was attracted to women.

{¶ 9} When the state rested, the court dismissed seven counts of rape, 18 counts of gross sexual imposition, five counts of kidnapping, seven counts of unlawful sexual conduct with a minor, and the intimidation count. In its charge to the jury at the close of the case, the court repeated its limiting instruction regarding other acts evidence. Following deliberation, the jury found Williams guilty of five counts of rape, six counts of gross sexual imposition, seven counts of kidnapping, and five counts of unlawful sexual conduct with a minor. The court sentenced him to an aggregate 20-year prison term.

{¶ 10} Williams appealed, challenging the admission of the testimony of A.B. and Cornell. Relying on *Curry*, 43 Ohio St.2d 66, 330 N.E.2d 720, the appellate court stated that there "are *only* two situations in which other-acts evidence is admissible to show a defendant's 'scheme, plan, or system': (1) to show the background of the alleged crime or (2) to show identity." (Emphasis sic.) *State v. Williams*, 195 Ohio App.3d 807, 2011-Ohio-5650, 961 N.E.2d 1200, ¶ 51. Concluding that identity was not at issue, that the other acts with A.B. were remote and distinct occurrences, and that the testimony of A.B. and Cornell was

unduly prejudicial, the court reversed the trial court and remanded the matter for further proceedings.

{¶ 11} We accepted the state's appeal on two propositions of law. The state claims that other acts evidence is "admissible to show his intent, where intent is an element of the statute and both acts are committed against teenage boys of similar ages," and it also contends that, notwithstanding *Curry*, "[o]ther acts evidence demonstrating that a defendant exhibited a pattern of isolating certain types of victims and then abused a position of authority to engage in grooming behaviors for the purpose of sexual gratification is admissible to show his unique, identifiable plan, independent of whether it shows identity."

{¶ 12} What the state really argues is that two independent bases exist to admit the other acts evidence in this case: the intent and the plan of the accused, i.e., intent of sexual gratification emanating from sexual conduct with teenage males and a specific plan to target vulnerable teenage boys and groom them for eventual sexual activity.

{¶ 13} Williams argues that evidence of his prior sexual relationship with A.B. is admissible only if it is introduced to prove identity or to establish the immediate background of the charged offense, claiming that *Curry* should apply to Evid.R. 404(B) to limit "plan" evidence to proof of identity or establishment of the immediate background of an offense.

{¶ 14} Accordingly, we are asked to consider whether our decision in *Curry*, 43 Ohio St.2d 66, 330 N.E.2d 720, which addressed R.C. 2945.59 and stated that scheme, plan, or system evidence is relevant in two general factual situations—when the other acts form part of the immediate background of the alleged act that forms part of the foundation of the crime charged and when the identity of the perpetrator is at issue—also precludes admission of plan evidence of other crimes, wrongs, or acts of the accused pursuant to Evid.R. 404(B).

## *Law and Analysis*

{¶ 15} Evidence that an accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime or that he acted in conformity with bad character. *Curry* at 68; *State v. Jamison*, 49 Ohio St.3d 182, 184, 552 N.E.2d 180 (1990). The General Assembly, however, has codified certain exceptions to the common law regarding the admission of evidence of other acts of wrongdoing. Those exceptions are contained in R.C. 2945.59:

> In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

This court likewise has promulgated Evid.R. 404(B), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**{¶ 16}** We have recognized that Evid.R. 404(B) is in accord with R.C. 2945.59, *State v. Broom*, 40 Ohio St.3d 277, 281, 533 N.E.2d 682 (1988), and that the rule and statute each "codify the common law with respect to evidence of other acts of wrongdoing," *State v. Lowe*, 69 Ohio St.3d 527, 530, 634 N.E.2d 616 (1994), and preclude admission of other acts evidence to prove a character trait in order to demonstrate conduct in conformity with that trait, *id.*; *State v. Hector*, 19 Ohio St.2d 167, 174, 249 N.E.2d 912 (1969).

**{¶ 17}** While both the statute and the rule adopted the common law rule, they also carve out exceptions to that common law, and some differences exist between the statute and the rule. The statute affords the trial court discretion to admit evidence of any other acts of a defendant in cases where motive or intent, absence of mistake or accident, or scheme, plan, or system in doing an act is *material*. *See generally Black's Law Dictionary* 1066 (9th Ed.2009) ("material" means "[h]aving some logical connection with the consequential facts"). Evid.R. 404(B) contains no reference to materiality. Rather, it precludes the admission of evidence of crimes, wrongs, or acts offered to prove the character of an accused in order to demonstrate conforming conduct, and it affords the trial court discretion to admit evidence of other crimes, wrongs, or acts for "other purposes," including, but not limited to, those set forth in the rule. Hence, the rule affords broad discretion to the trial judge regarding the admission of other acts evidence.

**{¶ 18}** In *Curry*, we interpreted R.C. 2945.59 and stated that "scheme, plan, or system" evidence is relevant in two general factual situations: those in which the other acts form part of the immediate background of the alleged act that forms the foundation of the crime charged in the indictment and those involving the identity of the perpetrator. *Curry*, 43 Ohio St.2d at 72, 330 N.E.2d 720. But we did not limit admissibility to those two situations. Moreover, *Curry* predated Evid.R. 404(B), so it did not consider or apply that rule.

**{¶ 19}** Evidence of other crimes, wrongs, or acts of an accused tending to show the plan with which an act is done may be admissible for other purposes, such as those listed in Evid.R. 404(B)—to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident— and in considering other acts evidence, trial courts should conduct a three-step analysis.

**{¶ 20}** The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R 403.

**{¶ 21}** The state offered the testimony of A.B. to demonstrate the motive, preparation, and plan of the accused to target teenage males who had no father figure and to gain their trust and confidence for the purpose of grooming them for sexual activity with the intent to be sexually gratified. *See United States v. Chambers*, 642 F.3d 588, 593 (7th Cir.2011) ("Grooming refers to deliberate actions taken by a defendant to expose a child to sexual material; the ultimate goal of grooming is the formation of an emotional connection with the child and a reduction of the child's inhibitions in order to prepare the child for sexual activity"); *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir.1997), fn. 2 (" 'Shaping and grooming' describes the process of cultivating trust with a victim and gradually introducing sexual behaviors until reaching the point of intercourse").

**{¶ 22}** As to the first step of our three-part test for the admission of other acts evidence, A.B.'s testimony was relevant because it tended to show the motive Williams had and the preparation and plan he exhibited of targeting, mentoring, grooming, and abusing teenage boys; if believed by the jury, such testimony could corroborate the testimony of J.H. Notably, A.B.'s testimony also rebutted the suggestion offered by the defense during opening statements that J.H. had falsely accused Williams of abuse with the hope of getting out of trouble at school and the suggestion that Williams was sexually attracted to women. A.B.'s testimony that Williams received "some type of sexual gratification" also is relevant to show that Williams's intent was sexual gratification. *See* R.C. 2907.01; 2907.05(A)(1).

**{¶ 23}** The next step relates to whether the evidence is presented to prove the accused's character in order to show that the conduct was in conformity with that character. In this case, contrary to the view expressed by the court of appeals, the state did not offer the evidence of the Williams-A.B. relationship to show that abusing J.H. was in conformity with Williams's character. In fact, the trial court gave two limiting instructions that this evidence was *not* being offered to prove Williams's character—one just prior to the testimony of A.B., and one prior to deliberation. We presume the jury followed those instructions. *See State v. Garner*, 74 Ohio St.3d 49, 59, 656 N.E.2d 623 (1995); *Pang v. Minch*, 53 Ohio St.3d 186, 195, 559 N.E.2d 1313 (1990).

**{¶ 24}** Third, we consider whether the probative value of the other acts evidence of the prior relationship with A.B. is substantially outweighed by the danger of unfair prejudice. This evidence is not unduly prejudicial, because the trial court instructed the jury that this evidence could not be considered to show that Williams had acted in conformity with a character trait. This instruction lessened the prejudicial effect of A.B.'s testimony, and A.B. corroborated J.H.'s testimony about the sexual abuse, which had been denied by Williams. Thus, Evid.R. 404(B) permitted admission of evidence of Williams's prior crime

because it helped to prove motive, preparation, and plan on the part of Williams. The prejudicial effect did not substantially outweigh the probative value of that evidence.

### Conclusion

{¶ 25} Evid.R. 404(B) is in accord with R.C. 2945.59 in that it precludes the admission of evidence of other crimes, wrongs, or acts offered to prove the character of an accused in order to show that the accused acted in conformity therewith, but it does not preclude admission of that evidence for other purposes, e.g., to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence that Williams had targeted teenage males who had no father figure to gain their trust and confidence and groom them for sexual activity with the intent of sexual gratification may be admitted to show the plan of the accused and the intent for sexual gratification. Accordingly, the judgment of the appellate court is reversed, and the judgment of the trial court is reinstated.

Judgment reversed.

O'CONNOR, C.J., and LUNDBERG STRATTON, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 26} After reviewing the record in this case, I find that the Eighth District Court of Appeals, sitting en banc, got it right. It concluded that other-acts testimony against Van Williams had been offered for the express purpose of proving the bad character of the defendant in order to demonstrate that his conduct with regard to J.H. was in conformity with his prior bad acts.

{¶ 27} The court of appeals also stated:

There is no doubt that A.B.'s [other-acts] testimony coupled with the social worker's statements unfairly prejudiced Williams. * * * [Because] no physical evidence of sexual abuse was found[,] [t]he case essentially hinged on the credibility of the witnesses. In cases such as these, there is a real risk that a jury will believe that if Williams did it once, he must have done it again. That is the danger cautioned of and protected against by Evid.R. 403 and 404. Therefore, the trial court erred in finding that the probative value of A.B.'s testimony outweighed any prejudicial effect.

*State v. Williams*, 195 Ohio App.3d 807, 2011-Ohio-5650, 961 N.E.2d 1200 (8th Dist.; en banc), ¶ 64.

{¶ 28} The majority opinion only cursorily addresses whether the other-acts testimony unfairly prejudiced Williams, even though that is an essential part of an other-acts analysis. *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). I find a clear violation of Evid.R. 404(B) and would therefore affirm the judgment of the court of appeals. I dissent.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer and T. Allan Regas, Assistant Prosecuting Attorneys, for appellant.

Timothy Young, Ohio Public Defender, and Stephen A. Goldmeier, Assistant State Public Defender, for appellee.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, and Peter K. Glenn-Applegate, Deputy Solicitor, urging reversal for amicus curiae, Ohio Attorney General.