O’Donnell, J.,
dissenting.
{¶ 35} Respectfully, I dissent.
{¶ 36} The parties here seek a determination of whether the admission of other acts evidence in this case is a constitutional or nonconstitutional error and clarification as to the appropriate standard of appellate review. The majority, in my view, conflates the principles that control this case with standards that apply *409 when the state fails to accord an accused a federally guaranteed constitutional right, and it second-guesses the credibility determinations made by jurors in this case.
{¶ 37} Other acts evidence may be admitted to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but cannot be offered to prove the character of an accused in order to show that the accused acted in conformity therewith. See Evid.R. 404(B) and R.C. 2945.59.
{¶ 38} Crim.R. 52(A) provides: “Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.” Similarly, Evid.R. 103(A) provides that “[ejrror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected” and the party timely objected or made an offer of proof.

The Ohio Rule on Harmless Error

{¶ 39} Chief Justice Moyer explained the rule for appellate review of harmless error this way in State v. Perry, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643:
[I]f the defendant has objected to an error in the trial court, an appellate court reviews the error under the “harmless error” standard in Crim.R. 52(A) — “a standard significantly more favorable to the defendant.” United States v. Curbelo (C.A.4, 2003), 343 F.3d 273, 286. Under that rule, the government bears the burden of demonstrating that the error did not affect the substantial rights of the defendant. [United States v.] Olano, 507 U.S. [725] 741, 113 S.Ct. 1770, 123 L.Ed.2d 508 [1993]; State v. Gross, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, ¶ 136 (“Once [the defendant] objected [to the error], the burden shifted to the state to demonstrate an absence of prejudice”). * * * An appellate court must reverse a conviction if the government does not satisfy this burden; unlike Crim.R. 52(B), Crim.R. 52(A) is mandatory, not permissive, and thus affords the appellate court no discretion to disregard the error. Id. at 735-736, 113 S.Ct. 1770, 123 L.Ed.2d 508.
(Emphasis sic.) Id. at ¶ 15.
{¶ 40} This court has earlier specified that to affect the substantial rights of an accused, “ ‘the error must have been prejudicial: It must have affected the outcome of the [trial] court proceedings.’ (Emphasis added.)” State v. Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7, quoting United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). See also *410 United States v. Dominguez Benitez, 542 U.S. 74, 81, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (“the standard phrased as ‘error that affects substantial rights,’ used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding”).
{¶ 41} And although we have not quantified the degree of proof needed to establish harmless error, other jurisdictions with rules analogous to Crim.R. 52(A) require the prosecution to demonstrate that more likely than not the error is harmless. See, e.g., State v. Herbel, 296 Kan. 1101, 1110, 299 P.3d 292 (2013); United States v. Keck, 643 F.3d 789, 798 (10th Cir.2011); United States v. Gonzalez-Flores, 418 F.3d 1093, 1099 (9th Cir.2005); see also O’Neal v. McAninch, 513 U.S. 432, 435, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (explaining that in a federal habeas action, error is not harmless when “in the judge’s mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error”); Dominguez Benitez at 83 (requiring an accused asserting plain error to show “a reasonable probability” that but for the error the outcome would have been otherwise).

Harmless Error Implicating a Constitutional Right

{¶ 42} However, in Chapman v. California, 386 U.S. 18, 21, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the court clarified that a state harmless error rule is limited and does not control when the error violates the federal constitutional rights of an accused:
The application of a state harmless-error rule is, of course, a state question where it involves only errors of state procedure or state law. * * * Whether a conviction for crime should stand when a State has failed to accord federal constitutionally guaranteed rights is every bit as much of a federal question as what particular federal constitutional provisions themselves mean, what they guarantee, and whether they have been denied.
In its ruling, the court “required] the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained,” and it held that “before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.” Id. at 24. And as the Eighth Circuit Court of Appeals has noted, the reasonable-doubt standard imposes a stricter test than that applied to evidentiary errors that do not affect constitutional rights. United States v. DeAngelo, 13 F.3d 1228, 1233 (8th Cir.1994).
{¶ 43} Thus, in my view, the law at issue here is well-defined. When preserved error arises from a question of state procedure or state law and does not affect a *411 federally guaranteed constitutional right, Crim.R. 52(A) applies, and the error is harmless if the state can demonstrate that it is more likely than not that the error did not affect the outcome of the trial. But when a preserved error arises from the state’s failure to accord a federally guaranteed constitutional right, Chapman controls, and the state must prove beyond a reasonable doubt that the error did not contribute to the guilty verdict.
{¶ 44} Rather than admit that this court has, on occasion, misapplied these rules and relied on the Chapman standard to review nonconstitutional error, the majority purports to reconcile our case precedent. First, it seems to require the accused to show that prejudice “affirmatively appears” on the record, majority opinion, ¶ 27, the standard for reviewing plain error; a claim of harmless error, however, requires the state to show that prejudice does not affirmatively appear on the record. See Perry, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 15; State v. Quarterman, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. The majority then merges the Crim.R. 52(A) inquiry with the Chapman standard and now requires the state to prove beyond a reasonable doubt that any preserved error did not contribute to the conviction — presumably even if the error would not have affected the outcome of the trial. This, in my view, mischaracterizes the law with respect to nonconstitutional harmless error and further confuses this field of law.
{¶ 45} Notably, the parties recognize this confusion and agree that separate standards of review apply in deciding whether constitutional or nonconstitutional errors are harmless. They maintain that we need only determine whether the erroneous admission of other acts evidence is a constitutional or a nonconstitu-tional error and then apply the corresponding standard.

Review of Other Acts Evidence

{¶ 46} In Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), a masked man entered a home in Frederiksted, St. Croix, Virgin Islands, and robbed the occupant at gunpoint. During a struggle, the victim, Vena Henry, unmasked the intruder and later identified him as Rueben Dowling. However, a jury acquitted Dowling of burglary, attempted robbery, assault, and weapons offenses. The federal government then prosecuted him for a bank robbery perpetrated by a man wearing a similar mask, and the district court permitted Henry to testify regarding the robbery at her home in order to identify Dowling as the bank robber. The Third Circuit Court of Appeals determined that the trial court had erred in permitting this other acts evidence, and in reviewing for harmless error, it “explicitly declined to apply the more stringent standard, see Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), applicable to constitutional errors because, according to the *412 court, the District Court’s mistake was merely evidentiary and not of constitutional dimension.” Dowling at 346-347.
{¶ 47} On appeal to the Supreme Court, Dowling argued that “the Third Circuit was wrong when it found that the admission of Henry’s testimony did not offend the Constitution and therefore declined to apply the Chapman v. California, supra, harmless-error standard.” Id. at 347.
{¶ 48} The Supreme Court did not accept that argument and affirmed the conviction, concluding that “the admission of Ms. Henry’s testimony was constitutional and the Court of Appeals therefore applied the correct harmless-error standard.” Id. at 354. The court first rejected the argument that the Double Jeopardy Clause precluded the government from eliciting the other acts evidence. Id. at 348. It then considered whether “the introduction of this evidence was unconstitutional because it faded the due process test of ‘fundamental fairness.’ ” Id. at 352. The court recognized that
the introduction of evidence in circumstances like those involved here has the potential to prejudice the jury or unfairly force the defendant to spend time and money relitigating matters considered at the first trial. The question, however, is whether it is acceptable to deal with the potential for abuse through nonconstitutional sources like the Federal Rules of Evidence, or whether the introduction of this type of evidence is so extremely unfair that its admission violates “fundamental conceptions of justice.” United States v. Lovasco, 431 U.S. 783, 790, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977).
(Footnote omitted.) Id. at 352. The Supreme Court determined that Henry’s testimony did not violate principles of fundamental fairness, explaining that the district court’s authority to exclude potentially prejudicial evidence adequately addressed the risk that a jury will convict the accused on the basis of inferences drawn from other acts evidence and therefore permitted Dowling to receive a fair trial.
{¶ 49} As Dowling demonstrates, the accused may not bootstrap any trial error in the admission of evidence to the right to a fair trial in order to obtain the heightened scrutiny that Chapman requires for constitutional errors. Thus, federal circuit courts treat the admission of other acts evidence as a nonconstitu-tional error and do not apply Chapman in these circumstances. See, e.g., United States v. Hicks, 575 F.3d 130, 143 (1st Cir.2009); United States v. Corey, 566 F.2d 429, 432 (2d Cir.1977); United States v. McBride, 676 F.3d 385, 400 (4th Cir.2012); United States v. Corsmeier, 617 F.3d 417, 422 (6th Cir.2010), fn. 3; *413 United States v. Miller, 673 F.3d 688, 700 (7th Cir.2012); United States v. King, 36 F.3d 728, 733 (8th Cir.1994), fn. 5; United States v. Bailey, 696 F.3d 794, 803 (9th Cir.2012); United States v. Starr, 276 Fed.Appx. 761, 765 (10th Cir.2008); United States v. Johnson, 519 F.3d 478, 483 (D.C.Cir.2008).
{¶ 50} Therefore, because the erroneous admission of other acts evidence in violation of Evid.R. 404(B) does not violate the United States Constitution, our review of the record for harmless error requires application of Crim.R. 52(A) and Evid.R. 103(A) to determine whether the state has demonstrated that the other acts evidence more likely than not had no effect on the outcome of the trial. See State v. Lundgren, 73 Ohio St.3d 474, 486, 653 N.E.2d 304 (1995) (“even where a court abuses its discretion in the admission of evidence, we must review whether the evidentiary ruling affected a substantial right of the defendant. Evid.R. 103 and Crim.R. 52(A)”).
{¶ 51} The other acts evidence elicited here — that Morris occasionally kicked the dog after his wife refused him sex and that he once propositioned his adult stepdaughter — did not affect the outcome of this trial. First, the trial court instructed the jury that it could not consider this evidence to prove that Morris acted in conformity with bad character, and we presume that a jury follows limiting instructions on the use of other acts evidence. See State v. Williams, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 23.
{¶ 52} Second, this other acts evidence is insignificant when compared to the compelling evidence that he groomed a six-year-old child for molestation — using a “magic trick” to make his “thumb” turn to Jell-0 and then become hard again— and then sexually abused and raped her over an extended period of time. In my view, it is not likely that, but for the admission of evidence that Morris kicked the dog when his wife refused to have sex with him and propositioned his adult stepdaughter, the jury would not have found him to be guilty of rape of a child under 13. Nor am I persuaded by the majority’s vague, conclusory statement that “there were questions regarding the credibility” of the victim. Majority opinion, ¶ 30. Credibility of witnesses is a determination made by jurors, and that is their province. Contrary to the majority, I would respect the jury’s credibility determination in this case and its finding that the victim’s testimony proved beyond a reasonable doubt that Morris had raped her. The verdict is based on that testimony, not evidence about kicking a dog.
{¶ 53} Accordingly, the admission of other acts evidence in this case is harmless error, and I would reverse the judgment of the court of appeals and reinstate Morris’s convictions for the two separate counts of rape.