[Cite as *State v. Aldrich*, 2020-Ohio-4104.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-06-016 |
| | : | O P I N I O N |
| - vs - | | 8/17/2020 |
| | : | |
| MICHAEL W. ALDRICH, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20180127


Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for appellee

Shannon M. Treynor, 63 North Main Street, P.O. Box 735, London, Ohio 43140, for appellant


**RINGLAND, J.**

{¶1}   Appellant, Michael Aldrich, appeals his conviction in the Madison County Court of Common Pleas for failure to comply with an order or signal of a police officer.  For the reasons detailed below, we affirm.

{¶2}   On June 22, 2018, Deputy Loura Higaki was on patrol in the village of Mount Sterling.  While patrolling, Deputy Higaki noticed a white Chevy Trailblazer backed

suspiciously in front of the Family Dollar. The passenger in the vehicle was a woman with blue hair who had just exited the vehicle to enter the nearby Milton Bank. When Deputy Higaki ran the license plate for the vehicle, she discovered that the tags were expired.

{¶3} Shortly thereafter, the woman returned to the vehicle, which was driven by a man, later identified as Aldrich. When they pulled out from the Family Dollar, Deputy Higaki initiated a traffic stop by activating her lights and sirens. Aldrich initially pulled his vehicle over, but as Deputy Higaki parked her cruiser, Aldrich suddenly took off.

{¶4} A high-speed chase ensued beginning in the small residential village. During the chase, Aldrich ran two stop signs and turned onto Route 207, also a residential area, and traveled at speeds of between 90 and 100 m.p.h. Aldrich also passed by two playgrounds and was observed weaving across the center line as cars traveled in the opposite lane. After approximately six minutes, Deputy Higaki was ordered to discontinue her pursuit for safety reasons.

{¶5} Subsequently, the Madison County Sheriff's office began an investigation. During the course of the investigation, Deputy Kelly Sparks was sent to Pickaway County upon receiving information that a white Chevy Trailblazer had been abandoned. Though the license plates had been removed, Deputy Sparks was able to confirm that the vehicle was the same involved in the high-speed chase after matching the VIN number.

{¶6} Once Deputy Sparks confirmed that this was the correct vehicle, she photographed both the exterior of the vehicle and the contents of the vehicle, which included stolen fishing items, clothing, and a wallet containing Aldrich's state issued identification card. Also, Deputy Sparks observed that a nylon tow strap was holding part of the vehicle together where there had once been a steel bolt.

{¶7} On August 8, 2018, Aldrich was indicted on one count of failure to comply in violation of R.C. 2921.331(B), a third-degree felony. The case proceeded to a jury trial.

The jury found Aldrich guilty as charged. The trial court subsequently sentenced Aldrich to a 30-month prison term and imposed a mandatory five-year driver's license suspension. Aldrich now appeals, raising three assignments of error for review.

{¶8} Assignment of Error No. 1:

{¶9} THE COURT ERRED IN ALLOWING DUPLICATIVE AND PREJUDICIAL EVIDENCE TO SUPPORT THE ELEMENT OF WILLFULNESS.

{¶10} In his first assignment of error, Aldrich alleges the trial court erred by permitting "motive testimony" that he argued was both unnecessary and prejudicial to his case. We find Aldrich's argument is without merit.

{¶11} A trial court has broad discretion in the admission and exclusion of evidence, including evidence of other acts under Evid.R. 404(B). *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 67. A reviewing court should not disturb evidentiary decisions absent an abuse of discretion that has created material prejudice. *Id.*; *State v. Vore*, 12th Dist. Warren No. CA2011-08-093, 2012-Ohio-2431, ¶ 40.

{¶12} Evid.R. 404(B) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. Such evidence may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid.R. 404(B).

{¶13} "Evidence that an accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime or that he acted in conformity with bad character." *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 15. "[E]vidence of other acts is admissible if it is offered for a purpose other than to prove the character of a person in order to show action in conformity with that character, Evid.R. 404(B), it is relevant when offered for that

purpose, Evid.R. 401, and the danger of unfair prejudice does not substantially outweigh its probative value, Evid.R. 403." *Kirkland*, 2014-Ohio-1966 at ¶ 68, citing Williams at ¶ 20.

{¶14} In this case, the state introduced evidence that Aldrich had stolen fishing equipment in his vehicle and a suspended driver's license. Aldrich claims this evidence is prejudicial because it was unnecessary to prove the "willful" element contained in R.C. 2921.331(B) because the state could have established that "by the mere fact that the vehicle moved after being ordered to stop." This court has rejected similar arguments in *State v. Harner*, 12th Dist. Brown No. CA2019-10-012, 2020-Ohio-3071.

{¶15} In *Harnar*, this court found that evidence of a defendant's suspended driver's license and outstanding warrants was "relevant to the failure to comply offense, was used for a legitimate purpose, and the probative value was not substantially outweighed by the danger of unfair prejudice." *Id.* at ¶ 28.

{¶16} In this case, in order to prove a violation of R.C. 2921.331(B), the state had to prove that Aldrich acted willfully in fleeing from Deputy Higaki. Therefore, evidence that Aldrich was driving with a suspended license and had stolen fishing equipment in his vehicle was relevant to and presented for the legitimate purpose of showing Aldrich's motive and intent in fleeing from the deputy. *Id.* at ¶ 29, citing *State v. Craig*, 5th Dist. Licking No. 17-CA-61, 2018-Ohio-1987, ¶ 45; *see also State v. Kaser*, 3d Dist. Hancock No. 5-98-11, 1998 Ohio App. LEXIS 5096 (Oct. 15, 1998). For the same reason, the photograph of Aldrich's identification card also served as additional incidental proof that he had been the driver of the white Chevy Trailblazer. *See* Evid.R. 404(B). The evidence was therefore presented for a valid purpose other than to show Aldrich's propensity or inclination to commit crime or that he acted in conformity with bad character. *See Kirkland*, 2014-Ohio-1966 at ¶ 69.

{¶17} Additionally, the probative value of the other-acts evidence was not substantially outweighed by the danger of unfair prejudice. Deputy Sparks' testimony that

Aldrich had a suspended license and possessed stolen fishing equipment was brief and general in nature. The testimony did not mention propensity or inclination to commit crime or that he acted in conformity with bad character. Rather, the focus of the state's inquiry was measured towards the legitimate willful element of the offense. After reviewing the record, this court is not concerned that the challenged testimony affected the outcome of the case. The trial court, therefore, did not abuse its discretion in allowing Deputy Sparks to testify about this other-acts evidence or by permitting photographs of the relevant evidence to be presented to the jury.

{¶18} Finally, Aldrich makes passing reference to testimony presented by Deputy Sparks that the Chevy Trailblazer was held together by nylon tow straps instead of a steel bolt. Though he does not present any argument in this assignment of error as to why that testimony would be improper, we note that evidence that the vehicle was structurally unsound is relevant for purposes of establishing that he created a "substantial risk of serious physical harm to persons or property" by operating his vehicle with a passenger and throughout a residential neighborhood at speeds between 90 and 100 m.p.h. Having found no error in the admission of evidence, we find Aldrich's first assignment of error is without merit and is overruled.

{¶19} Assignment of Error No. 2:

{¶20} THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE CHARGE OF FAILURE TO COMPLY AS A FELONY OFFENSE.

{¶21} Assignment of Error No. 3:

{¶22} THE DEFENDANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶23} In his second and third assignments of error, Aldrich argues that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.

We disagree.

{¶24} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, as this court has observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶25} A manifest weight challenge scrutinizes the proclivity of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶26} Aldrich was convicted of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), which provides:

> (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

To constitute a third-degree felony, the state was required to prove beyond a reasonable doubt that the "operation of the motor vehicle by the offender caused a substantial risk of

serious physical harm to persons or property." R.C. 2921.331(C)(5)(a)(ii).

{¶27} On appeal, Aldrich does not dispute that he was driving the Chevy Trailblazer during the high-speed chase. Rather, he argues that his conduct did not cause a "substantial risk of serious physical harm to persons or property." In so doing, Aldrich argues that the "substantial risk" of harm was merely hypothetical.

{¶28} Following review, we find Aldrich's argument to be without merit. The state presented evidence that Deputy Higaki initiated a traffic stop by activating her lights and sirens. Though Aldrich initially pulled over, he suddenly took off. A high-speed chase ensued in a residential area where Aldrich ran two stop signs, passed several playgrounds, and encountered several vehicles traveling in the opposite direction. After approximately six minutes, the chase was called off for safety reasons. When the vehicle was later discovered, Deputy Sparks noted that Aldrich's vehicle was held together by a nylon tow strap instead of a steel bolt. That Aldrich claims the "substantial risk" to other people or property was "merely hypothetical" is belied by the record. Aldrich actions clearly posed a substantial risk to other people and property in the community, not to mention the risk to his passenger. Moreover, this was a matter that was fully argued to the jury below. While Aldrich argues differently, the jury, as trier of fact, was in the best position to judge the credibility of the witness. *State v. Johnson*, 12th Dist. Warren Nos. CA2019-07-076 and CA2019-08-080, 2020-Ohio-3501, ¶ 24. As his conviction is supported by sufficient evidence and was not against the manifest weight of the evidence, Aldrich's second and third assignments of error are overruled.

{¶29} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.