[Cite as *State v. Johnson*, 2021-Ohio-1030.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JONATHAN JOHNSON | : | Case No. 2020 CA 0043 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:	Appeal from the Court of Common
Pleas Case No. 2019 CR 2150B




JUDGMENT:	Affirmed




DATE OF JUDGMENT:	March 29, 2021




APPEARANCES:

For Plaintiff-Appellee	For Defendant-Appellant

RONALD MARK CALDWELL	AARON KOVALCHIK
110 Central Plaza South	116 Cleveland Avenue NW
Suite 510	North Suite 808
Canton, OH  44702	Canton, OH 44702

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Jonathan Edward Johnson appeals the January 28, 2020 judgment of conviction and sentence of the Stark County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On October 20, 2019, Jackson Township Police Officer Ryan Mack was on routine patrol when he pulled into a BP gas station. Mack noticed a maroon Cadillac at the pumps and a man, later identified as Johnson, pumping gas into the car. A woman exited the passenger side of the car, noticed Mack and hurried into the BP convenience store. Finding the woman's action suspicious, Mack ran the plates on the Cadillac.

{¶ 3}   There were two different plates on the car, both of which were stolen. Mack waited until the two drove away to initiate a traffic stop and then called for back up.

{¶ 4}   Once backup arrived Mack ordered Johnson out of the driver's seat and placed him in his cruiser. Johnson told Mack he had just purchased the car for $500 from someone in Canton, but could not provide Mack with the seller's name, a bill or sale or a title for the car. When asked for identification, Johnson produced his West Virginia driver's license.

{¶ 5}   While Mack was talking to Johnson, other Jackson Township police officers were talking to Johnson's passenger and conducting an inventory search of the Cadillac. In the car on the driver's side floorboard, Sergeant Jason Coppock found a plastic Wet Wipes container. Inside the container was a lighter, Q-tips, syringes, a baggie containing 30 grams of methamphetamine, and a business card belonging to Garrett Rinehart, a

parole officer with the West Virginia Department of Corrections and Rehabilitation. Officers called Rinehart and determined he was Johnson's parole officer.

{¶ 6}   As a result of these events, on November 22, 2019, the Stark County Grand Jury returned an indictment charging Johnson with one count of aggravated possession of drugs, a felony of the second degree. Johnson pled not guilty and opted to proceed to a jury trial conducted on January 14, 2020.

{¶ 7}   Before trial, Johnson made a motion in limine to preclude the state from presenting evidence found inside his car, specifically, Rinehart's business card. The state argued the business card linked Johnson to the drugs found in the Wet Wipes container, a material fact as Johnson denied knowledge or ownership of the container and its contents. The trial court preliminarily overruled the motion finding:

> At this time the Court finds that it is admissible pursuant to Evidence Rule 404, and the Court does not find that any prejudicial value is, outweighs the probative effect so the Court is going to allow it.

{¶ 8}   Transcript of trial, volume one (T. (I)) 133.

{¶ 9}   The trial court later permitted the admission of the business card, overruled Johnson's objection to its admission, and instructed the jury it could use the evidence for purposes of identification only. T. (I) 199.

{¶ 10} The jury found Johnson guilty as charged. The trial court subsequently sentenced him to an indeterminate prison term of 5 to 7.5 years.

{¶ 11} Johnson filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING TESTIMONY OF PRIOR BAD ACTS."

{¶ 13} In his first assignment of error, Johnson argues the trial court abused its discretion by permitting the introduction of Rinehart's business card located inside the Wet Wipes box. We disagree.

{¶ 14} Johnson argues the business card was improperly admitted as a prior bad act pursuant to Evid.R. 404(B). That rule states:

> (B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶ 15} In *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 20, the Supreme Court of Ohio set forth a three-part analysis for determining the admissibility of other-acts evidence. In order to be admissible, (1) the evidence must be relevant, (2) the evidence cannot be presented to prove a person's character to show conduct in conformity therewith but must instead be presented for a legitimate other purpose, and (3) the probative value of the evidence cannot be substantially outweighed by the danger of unfair prejudice.

{¶ 16} The admissibility of other-acts evidence pursuant to Evid.R. 404(B) is a question of law. *State v. Hartman*, __ Ohio St.3d __, 2020-Ohio-4440, __ N.E.3d __, ¶ 22. While a trial court is precluded from admitting improper character evidence under Evid.R. 404(B), it has discretion to allow other-acts evidence which is admissible for a permissible purpose. *Hartman* at ¶ 22, citing *Williams* at ¶ 17.

{¶ 17} Recently, in *Hartman, supra*, the Supreme Court of Ohio noted the key of a 404(B) analysis "is that the evidence must prove something other than the defendant's disposition to commit certain acts." *Hartman* ¶ 25.

{¶ 18} Certainly here, the business card was relevant evidence of something other than Johnson's disposition to commit certain acts. It was relevant evidence of his knowledge and ownership of the Wet Wipes container. Further, the probative value of the card outweighed any prejudice to Johnson. To ensure its proper use, the trial court provided the jury with an instruction as to how it could use the evidence. T. (I) 199.

{¶ 19} But as the state points out, the business card was intrinsic evidence and 404(B) does not apply to such evidence. "Evid.R. 404(B) does not apply when the acts

are intrinsic as opposed to extrinsic, i.e., the acts are part of the events in question or form part of the immediate background of the alleged act which forms the basis for the crime charged." *State v. Wainscott*, 12th Dist. Clermont No. CA2015-07-056, 2016-Ohio-1153, ¶ 19, citing *State v. Crew*, 2d Dist. Clark No. 2009 CA 45, 2010-Ohio-3110, ¶ 99. Thus, "evidence of other crimes or wrongs may be admitted when such acts are so inextricably intertwined with the crime as charged that proof of one involves the other, explains the circumstances thereof, or tends logically to prove any element of the crime charged." *Id.*

{¶ 20} Johnson denied knowledge or ownership of the Wet Wipes container. Reinhart's business card linked Johnson to the container and its contents. Thus regardless of which lens the evidence is viewed under – 404(B) or intrinsic evidence, the trial court did not abuse its discretion in admitting the business card.

{¶ 21} The first assignment of error is overruled.

II

{¶ 22} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶ 23} In his second assignment of error Johnson argues his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

{¶ 24} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 25} Johnson argues reasonable doubt existed because methamphetamine and syringes were found in his passenger's possession, she lied to police about her identity, and her suspicious actions were what drew the attention of Officer Mack. He further argues the state produced no forensic evidence to link him to the Wet Wipes container.

{¶ 26} Johnson was charged with aggravated possession of methamphetamine pursuant to R.C. 2925.11(A)(C)(1)(c), a felony of the second degree. To prove the charge the state was required to produce evidence to show Johnson knowingly obtained, possessed, or used a schedule I or II controlled substance, specifically methamphetamine, and in an amount equal to or exceeding five times the bulk amount, but less than fifty times the bulk amount.

{¶ 27} Sergeant Coppock found the Wet Wipes container on the driver's side floorboard. He testified a person sitting in the driver's seat could look down and see the

container. The contents of the container included 30 grams of methamphetamine, syringes, Q-tips, a lighter, and Rinehart's business card. A phone call to Rinehart determined he was Johnson's parole officer. At trial, Johnson stipulated the substance found in the container was methamphetamine and was greater than five times the bulk amount. T. (I) 6-7, 155-158, 178, 194-195,197. This evidence was sufficient to support Johnson's conviction for aggravated possession of methamphetamine.

{¶ 28} Johnson appears to argue that because his passenger had methamphetamine and drug paraphernalia on her person that the Wet Wipes container and its contents also belonged to her. The jury was presented with this theory and rejected the same. Based on the record in this matter, we do not find the jury lost its way in doing so. Johnson's conviction is therefore not against the manifest weight of the evidence.

{¶ 29} Finally, Johnson argues because the container was not tested for fingerprints or DNA, his conviction is against the manifest weight and sufficiency of the evidence. But the state was not required to produce either in order to secure a conviction, nor does its absence weigh heavily against Johnson's conviction.

{¶ 30} The second assignment of error is overruled.

{¶ 31} The judgment of the Stark County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Baldwin, P.J. and

Hoffman, J. concur.

EEW/rw