[Cite as *State v. Gooding*, 2021-Ohio-173.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 20CA007 |
| MATTHEW L. GOODING | |
| | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS: Appeal from the Holmes County Court of
Common Pleas, Case No. 19CR096

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: January 25, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

SEAN WARNER                              DAVID M. HUNTER
Prosecuting Attorney                      244 West Main Street
Holmes County, Ohio                       Loudonville, Ohio  44842

ROBERT K. HENDRIX
Assistant Prosecuting Attorney
Holmes County, Ohio
164 East Jackson Street
Millersburg, Ohio  44654

*Hoffman, J.*

{¶1}   Appellant Matthew Gooding appeals the judgment entered by the Holmes County Common Pleas Court convicting him of five counts of aggravated menacing (R.C. 2903.21(A),(B)) and sentencing him to an aggregate term of incarceration of thirty-six months.  Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On August 7, 2019, Paula Shearer held an intake session with Appellant at One Eighty, an agency in Millersburg, Ohio, where she was employed as an outpatient counselor.  Appellant was referred to the agency by the Holmes County Probation Department.  At this session, Ms. Shearer explained to Appellant the limits of confidentiality, explaining she was a mandatory reporter.  She told Appellant if he answered yes to any of the questions in a specific section of the assessment, she would be required to report he was threatening harm to himself or others.  Further, Appellant signed a release, allowing her to discuss his progress with the probation department.

{¶3}   After missing several counseling sessions, Appellant appeared for his September 13, 2019 session with Ms. Shearer in a state of extreme anger.  He had no water or electricity at his home.  Ten years earlier, his children had been removed from his custody by the Holmes County Department of Job and Family Services, Department of Children's Services.  Appellant stated he wanted to hurt the Department the way they had hurt him.  He was mapping out a plan.  He stated he did not know when he would do it, because he did not think his mother should lose her son based on what he was planning.  He became more enraged as he spoke, stating, "They will pay for this."  Tr. 53. He also told Ms. Shearer he was watching Children's Services workers at their homes, observing them through their windows while they were watching television and eating.

Ms. Shearer became concerned Appellant would harm employees of the Department, specifically based on his statement he did not care if he died carrying out his plan. She became afraid for her own safety during the session. Appellant terminated the session and walked out of the office.

{¶4} Ms. Shearer reported the threats to the probation department, who in turn reported the threats to Children's Services and the Holmes County Sheriff's Department. Dan Jackson, Marla Croskey, Kelsey MacFarlane, and Christy Henry, all current employees of Children's Services, felt threatened by the comments, as did Emily Ayers, who was Appellant's ongoing caseworker ten years prior but no longer worked for Children's Services. The employees were all aware Appellant lived within a few blocks of their office. Ms. MacFarlane lived near Appellant, and had observed Appellant staring at her and her family.

{¶5} Appellant was indicted by the Holmes County Grand Jury with five counts of aggravated menacing, each including a specification the named victim was an officer or employee of a public children services agency, and the offense related to the officer or employee's performance or anticipated performance of official responsibilities or duties.

{¶6} The case proceeded to jury trial. Appellant was found guilty of four counts, including the specifications the named victim was a children services employee, making the crimes felonies of the fifth degree. Appellant was found guilty of aggravated menacing in the fifth count, related to Emily Ayers, without the accompanying specification, a misdemeanor of the first degree. The trial court convicted Appellant in accordance with the jury's verdict and sentenced him to nine months incarceration on each of the felony convictions, to be served consecutively, and to six months incarceration on the

misdemeanor conviction, to be served concurrently, for an aggregate sentence of thirty-six months.

**{¶7}** It is from the February 26, 2020 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

I. APPELLANT'S CONVICTIONS FOR AGGRAVATED MENACING ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

II. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTIONS FOR AGGRAVATED MENACING.

III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.

IV. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY ABOUT PRIOR BAD ACTS OF THE APPELLANT BY THE STATE'S WITNESSES.

I., II., III.

**{¶8}** Because the issues of manifest weight and sufficiency of the evidence are closely related, we address Appellant's first three assignments of error together.

**{¶9}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

a new trial ordered.'"  *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶10}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶11}** A Crim. R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. *State v. Blue*, 5th Dist. Stark No.2001CA00250, 2002–Ohio–351, *citing State v. Williams*, 74 Ohio St.3d 569, 576, 1996–Ohio–91, 660 N.E.2d 724; *State v. Miley*, 114 Ohio App.3d 738, 742, 684 N.E.2d 102 (4th Dist.1996). Crim. R. 29(A) allows a trial court to enter a judgment of acquittal when the state's evidence is insufficient to sustain a conviction. A trial court should not sustain a Crim. R. 29 motion for acquittal unless, after viewing the evidence in a light most favorable to the state, the court finds no rational finder of fact could find the essential elements of the charge proven beyond a reasonable doubt. *State v. Franklin,* 5th Dist. Stark No.2007–CA–00022, 2007–Ohio–4649 at ¶ 12, *citing State v. Dennis*, 79 Ohio St.3d 421, 1997–Ohio–372, 683 N.E.2d 1096.

**{¶12}** Appellant was convicted of five counts of aggravated menacing in violation of R.C. 2903.21, which provides:

(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other

person's immediate family. In addition to any other basis for the other person's belief that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family, the other person's belief may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

(B) Whoever violates this section is guilty of aggravated menacing. Except as otherwise provided in this division, aggravated menacing is a misdemeanor of the first degree. If the victim of the offense is an officer or employee of a public children services agency or a private child placing agency and the offense relates to the officer's or employee's performance or anticipated performance of official responsibilities or duties, aggravated menacing is a felony of the fifth degree or, if the offender previously has been convicted of or pleaded guilty to an offense of violence, the victim of that prior offense was an officer or employee of a public children services agency or private child placing agency, and that prior offense related to the officer's or employee's performance or anticipated performance of official responsibilities or duties, a felony of the fourth degree.

{¶13} Appellant specifically argues the State failed to prove he made a threat to the employees of Children's Services. He argues even if the evidence could be construed

as a threat, he did not make a threat of serious physical harm. He also argues the threat was not made to a third party Appellant knew or reasonably should have known would convey the threat to the intended victim, because Ms. Shearer's statements to him regarding the limits of confidentiality concerned solely the initial diagnostic assessment, and not subsequent counseling sessions.

{¶14} Appellant argues his statement he wanted to hurt Children's Services as much as they hurt him was not a threat at all, and even if construed as a threat, was not a threat of serious physical harm. While the statement he wanted to hurt them as much as they hurt them standing alone might not be a threat of serious physical harm, Appellant went on to tell Ms. Shearer he was mapping out a plan. He expressed to Ms. Shearer he was not sure when he would carry out the plan, because he did not want his mother to lose her son because of what he was planning. He indicated he did not care if he died carrying out his plan. He further stated he had been watching employees of Children's Services through the windows of their homes while they were eating and watching television. Taking all of Appellant's statements together, reasonable minds could find Appellant caused employees of Children's Services to believe he would cause serious physical harm to their person or property. His statements to Ms. Shearer reflect he had mapped out a plan of such magnitude he could lose his life carrying it out, and further he had taken the step of watching the employees of Children's Services through the windows of their homes. The judgment is supported by sufficient evidence, and the trial court did not err in failing to direct a verdict on this issue. We further find the jury did not lose its way in concluding Appellant caused the victims in this case to believe he would cause

serious physical harm to their person or property, and the judgment is not against the manifest weight of the evidence.

{¶15}  Appellant also argues he did not make the threat to a person whom he knew or reasonably should have known would convey the threat to the intended victim.  Ms. Shearer testified when she went over the diagnostic intake form with Appellant, she indicated if he answered yes to any of the questions in a portion of the assessment, she would be bound to report his answers to authorities concerning his threats to harm himself or others.  He argues this communication should be interpreted as applying solely to the assessment, and not to any further statements he made during future counseling sessions concerning harm to himself or others.  However, Ms. Shearer also testified Appellant signed a release which allowed her to communicate with the probation department concerning his progress in counseling session.   From Ms. Shearer's communication during the diagnostic assessment she would be required to report threats of harm, coupled with Appellant's choice to sign a release of information to the probation department, reasonable minds could conclude Appellant made the threat to a person he knew or reasonably should have known would convey the threat to the probation department, which would ultimately reach the intended victims.  We find the jury did not lose its way in finding Appellant reasonably should have known the threat would be communicated to the victims, and accordingly we find the judgment is not against the manifest weight or sufficiency of the evidence.

{¶16}  The first, second, and third assignments of error are overruled.

IV.

{¶17} In his fourth assignment of error, Appellant argues the court erred in admitting evidence of prior bad acts.

{¶18} Evid. R. 404(B) provides:

> **(B) Other Crimes, Wrongs or Acts**. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶19} "Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict." *State v. Broom*, 40 Ohio St.3d 277, 281–82, 533 N.E.2d 682, 689–90 (1988). Evidence to prove the "type" of person the defendant is in order to show he acted in conformity therewith in the instant case is barred by Evid.R. 404(B). *State v. Greene*, 5th Dist. Tuscarawas No. 2012 AP 02 0018, 2012–Ohio–5624, 983 N.E.2d 773, ¶ 35.

{¶20} The Ohio Supreme Court has set forth a three-part test for determining the admissibility of other acts evidence:

The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. See Evid.R 403.

{¶21} *State v. Williams*, 134 Ohio St.3d 521, 2012–Ohio–5695, 983 N.E.2d 1278, ¶ 20 (2012).

{¶22} "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.,* 58 Ohio St. 3d 269, 271, 569 N.E.2d 1056 (1991).

{¶23} Appellant argues the court erred in admitting evidence of prior bad acts through the testimony of several of the State's witnesses. Ms. Shearer testified Appellant told her he used alcohol when he could not receive his drug of choice. Tr. 52. Mr. Jackson

testified Appellant was involved in a case of substantiated sexual abuse, and knew Appellant's criminal history and what Appellant had been arrested for in the past. Tr. 66, 70. Ms. Croskey also testified Appellant had been involved with the agency for sexual abuse of his children. Tr. 81. She further testified concerning Appellant's drug abuse and prior threats he had made with weapons to the agency. Tr. 81-87. She testified their records contained documented threats made by Appellant in the past, and she was aware of prior domestic violence committed by Appellant. Tr. 88. Ms. Henry testified before she worked for Children's Services she was a newspaper reporter, and had observed Appellant in the courtroom a handful of times while covering proceedings for the newspaper. Tr. 95. Emily Ayers testified concerning criminal activity by Appellant during the time she was his caseworker, including domestic violence and violation of a no contact order issued to Appellant's wife. Tr. 113-114. She testified Appellant demonstrated a pattern of domestic violence, drug abuse, mental health issues, and other criminal behavior which escalated during her involvement with the family. Tr. 123. Sgt. Henry of the Holmes County Sheriff's Department also testified he had "past experiences" with Appellant. Tr. 143.

**{¶24}** In aggravated menacing cases where the victim's subjective belief that the offender will cause the victim physical harm is an element of the offense, "evidence of a defendant's violent character is admissible to prove that the victim believed that the defendant would cause physical harm." *City of Cleveland v. Reynolds*, 8th Dist. Cuyahoga No. 105546, 2018-Ohio-97, ¶ 12, *citing Cleveland v. McCoy*, 8th Dist. Cuyahoga No. 103276, 2016–Ohio–3451, ¶ 4. We find the trial court did not err in admitting evidence of Appellant's prior criminal history and past threats made to the Department of Children's

Services.  Evidence Appellant sexually abused his children, committed acts of domestic violence against his wife despite the no contact order, and had a history of threatening the Department with and without weapons were admissible not to show he acted in conformity therewith on the instant occasion, but to demonstrate the victims believed Appellant would cause them serious physical harm.

**{¶25}** However, we find evidence of Appellant's drug and alcohol use does not meet the standard for admissibility set forth in *Williams, supra.*  Unlike evidence of past violent acts or threats of violent acts, evidence Appellant used drugs and alcohol does not tend to demonstrate any fact at issue in the instant case.  We find the evidence of Appellant's drug and alcohol use in this case is not admissible for any of the purposes set forth in Evid. R. 404(B).   Because this evidence is of virtually no probative value in the instant case, we conclude under the third prong of *Williams, supra,* its probative value is substantially outweighed by the danger of unfair prejudice, and such evidence should not have been admitted..

**{¶26}** Although we find the trial court erred in admitting evidence of Appellant's drug and alcohol use, we find the error to be harmless in the instant case.  Crim.R. 52(A) defines harmless error in the context of criminal cases and provides: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Under the harmless-error standard of review, "the government bears the burden of demonstrating that the error did not affect the substantial rights of the defendant." *State v. Perry,* 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 15, *citing United States v. Olano*, 507 U.S. 725, 741, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). First, it must be determined whether the defendant was prejudiced by the error, i.e., whether the error had

an impact on the verdict. Second, it must be determined whether the error was not harmless beyond a reasonable doubt. Lastly, once the prejudicial evidence is excised, the remaining evidence is weighed to determine whether it establishes the defendant's guilt beyond a reasonable doubt. *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 37.

**{¶27}** As discussed in Appellant's first three assignments of error, the evidence demonstrated Appellant told his counselor he intended to hurt the Children's Services department, he was mapping out a plan, and such plan might result in his mother losing her son. He indicated he was not afraid to die carrying out his plan, and had started to watch employees of Children's Services through the windows of their homes. Employees of Children's Services testified they were afraid for their own safety and that of their families, based not only on the threats themselves, but on their past interactions with Appellant and their knowledge of his past violent conduct directed toward the Department and toward others. We find any error in admitting brief references to Appellant's use of drugs and alcohol did not have an impact on the verdict, the error was harmless beyond a reasonable doubt, and the other evidence in the case established Appellant's guilt beyond a reasonable doubt.

**{¶28}** The fourth assignment of error is overruled.  The judgment of the Holmes County Common Pleas Court is affirmed.


By: Hoffman, J.

Baldwin, P.J.  and

Wise, J. concur