[Cite as *Columbus v. Burgess*, 2021-Ohio-2197.]

IN THE COURT OF APPEALS OF OHIO

TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 19AP-392 |
| v. | : | (M.C. No. 18TRC-141292) |
| Cha'Keyla Burgess, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 29, 2021

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias,* and *Orly Ahroni*, for appellee.

**On brief:** *James Sweeney Law, LLC*, and *James S. Sweeney*, for appellant.

APPEAL from the Franklin County Municipal Court

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Cha'Keyla Burgess, appeals from a conviction of operating a motor vehicle under the influence of alcohol ("OVI"), a first-degree misdemeanor in violation of Columbus City Code 2133.01(A)(1). For the following reasons, we affirm the May 23, 2019 judgment of the municipal court.

**I. Facts and Procedural History**

{¶ 2} On June 3, 2018, the City of Columbus, plaintiff-appellee, charged appellant with three misdemeanors in the Franklin County Municipal Court, OVI, a misdemeanor of the first degree in violation of Columbus City Code 2133.01(A)(1); failure to maintain marked lanes, a minor misdemeanor in violation of Columbus City Code 2131.08(A); and

obedience to traffic control devices, a minor misdemeanor in violation of Columbus City Code 2113.01(A).

{¶ 3} On October 30, 2018, appellant filed a motion to dismiss seeking to suppress evidence obtained from the warrantless seizure, including tests of appellant's coordination, sobriety and intoxication, statements and observations, and opinions of the police officer. After a hearing, on February 6, 2019, the municipal court partially granted and partially denied the motion, suppressing the non-scientific field sobriety tests.

{¶ 4} On March 15, 2019, appellant filed a motion in limine seeking to exclude any reference to appellant's prior OVI case. The municipal court partially granted the motion regarding discussions between officers that took place in the cruiser while they were researching appellant's history. The court denied the motion regarding statements made by appellant that she volunteered before and after she was placed under arrest. Appellant's objection was noted by the court. A jury trial began on March 19, 2019.

{¶ 5} During trial, Columbus Police Officer Jonathan Nogay testified the charges against appellant arose from an incident at approximately 2:13 a.m. of June 3, 2018. Officer Nogay testified he observed a vehicle fail to stop at a red light at the intersection of Kingsland Avenue and South Hamilton Road but continue to turn right onto South Hamilton Road. Officer Nogay followed the vehicle and observed it commit two marked lane violations, traveling outside of its lane of travel without using a turn signal once to the left and once to the right. Officer Nogay initiated a traffic stop. Appellant was seated in the driver's seat and was the only occupant of the vehicle.

{¶ 6} Officer Nogay asked appellant "where she was coming from, where she was going." (Mar. 19, 2019, Tr. Vol. II at 159.) Initially, appellant responded she was "coming from her mom's house or to her mom's house, and then later changed her answer to say she was - - she had been at the Empire Bar." (Mar. 19, 2019 Tr. Vol. II at 159-60.) Officer Nogay observed a "moderate odor of an alcoholic beverage coming from" appellant's breath. (Mar. 19, 2019 Tr. Vol. II at 160.) Officer Nogay observed that appellant appeared to be responding slowly and her speech was very deliberate. Further, Officer Nogay testified he observed appellant had a "distant, unfocused gaze." (Mar. 19, 2019 Tr. Vol. II at 161.)

{¶ 7} Appellant provided her driver's license and proof of insurance. Another police officer, Officer David Schwartz, arrived to assist. While Officer Nogay and appellant

were talking, appellant drank some Red Bull.  Appellant admitted to consuming a beer when Officer Nogay asked her how much alcohol she had consumed.  Officer Nogay administered field sobriety tests, including the horizontal gaze nystagmus test, the vertical gaze nystagmus test, the walk-and-turn test and the one-leg stand test.  Officer Nogay observed six out of the possible six clues on the horizontal gaze nystagmus test, indicating a high likelihood of impairment.  Officer Nogay observed vertical gaze nystagmus in appellant's eyes, indicating a high amount of alcohol "for [her] body type and tolerance, for how they normally handle alcohol."  (Mar. 19, 2019 Tr. Vol. II at 173.)  Officer Nogay observed three out of the possible total of eight clues, where two of the eight indicate a likelihood of being under the influence of alcohol during the walk-and-turn test.  Appellant had extreme difficulty performing the one-leg stand test, seeming not to understand the directions.  Officer Nogay observed two of the possible four clues, indicating a likelihood of impairment.

{¶ 8}   At the conclusion of the field sobriety tests, Officer Nogay placed appellant under arrest for OVI.  Appellant refused to take a breathalyzer test and Officer Nogay suspended her driver's license and confiscated it.  Appellant reminded Officer Nogay that he had previously arrested her, and he had not returned her driver's license during the previous arrest.  Appellant had not remembered that she had given her driver's license to Officer Nogay when she was first stopped.  Officer Nogay testified that, sometime after initial contact but before he placed her in the back of the cruiser, he had recognized her from prior contact.  Defense counsel did not object to the testimony.

{¶ 9}   On cross-examination, defense counsel inquired about the prior arrest approximately 30 days prior to this incident.  Defense counsel inquired whether the prior arrest was for OVI and Officer Nogay responded "yes."  (Mar. 19, 2019 Tr. Vol. II at 252.)  The prosecution objected to further questioning arguing that the results of the other case were not relevant.  Defense counsel argued there was a serious risk of undue prejudice if the jury was not informed that appellant had been acquitted of the previous charge, however, the trial court sustained the objection.

{¶ 10} Finally, Officer Nogay testified he thought it was unusual that appellant started to fall asleep while in the back of the cruiser because she had consumed a Red Bull and the back seat of the cruiser is very uncomfortable.

{¶ 11} Appellant was found guilty of all three counts. On May 23, 2019, the municipal court imposed a sentence of 180 days of confinement, with 177 days suspended and 3 days credited for appellant's completion of the Driver's Intervention Program, a $375 fine, plus court costs, two years of community control, and a one-year license suspension.

## II. Assignment of Error

{¶ 12} Appellant timely appeals and assigns the following sole assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE STATE TO INTRODUCE EVIDENCE REGARDING APPELLANT'S PRIOR ARREST FOR OVI.

## III. Analysis

{¶ 13} By her assignment of error, appellant contends the municipal court abused its discretion when it allowed the prosecution to introduce evidence regarding her prior arrest for OVI. Specifically, appellant argues the trial court abused its discretion in permitting the introduction of testimony of Officer Nogay regarding the same. She further states in the conclusion of her brief that the trial court abused its discretion by permitting such testimony "and then subsequently refus[ing] to permit testimony that Appellant was acquitted of that prior charge."[1] (Appellant's Brief at 8.) Appellant does not argue error regarding the introduction of the videos of Officer Nogay's interaction with her, exhibits C or D, which contained statements made by appellant regarding her prior arrest. Prior to trial, appellant filed a motion in limine seeking to exclude any reference to her prior OVI case. The municipal court denied the motion regarding statements made by appellant that she volunteered before and after she was placed under arrest. Appellant objected and the objection was noted by the court. However, appellant did not object to Officer Nogay's testimony during trial. Taking all this into consideration and for the reasons that follow, we apply a plain error standard of review.

{¶ 14} "A motion in limine is a request 'that the court limit or exclude use of evidence which the movant believes to be improper, and is made in advance of the actual

---

[1] Appellant makes this statement in the conclusion section of her brief but does not state the same in the argument section of her brief. Nor does she support the statement as required pursuant to App.R. 16(A)(7) with "the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

presentation of the evidence to the trier of fact, usually prior to trial. The motion asks the court to exclude the evidence unless and until the court is first shown that the material is relevant and proper.' " *Gordon v. Ohio State Univ.*, 10th Dist. No. 10AP-1058, 2011-Ohio-5057, ¶ 82, quoting *State v. Winston*, 71 Ohio App.3d 154, 158 (2d Dist.1991). Therefore, since a trial court's decision on a motion in limine is a ruling to admit or exclude evidence, our standard of review on appeal is whether the trial court committed an abuse of discretion that amounted to prejudicial error. *Id.* However, when a motion in limine has been denied, failure to renew the motion or the objections contained therein results in a waiver of all but plain error. *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 70, citing *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶ 34.

{¶ 15} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *See State v. Lindsey*, 87 Ohio St.3d 479, 482 (2000). To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights, i.e., affected the outcome of the trial. *Columbus v. Cort*, 10th Dist. No. 19AP-425, 2020-Ohio-1467, ¶ 14, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Plain error is not present unless, but for the error complained of, the outcome would have been different." *State v. Moore*, 10th Dist. No. 19AP-464, 2021-Ohio-1379, ¶ 121, citing *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.). Notice of plain error is taken " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes* at 27, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶ 16} When reviewed under a plain-error analysis, we find that admitting Officer Nogay's testimony concerning appellant's prior arrest does not constitute plain error because it did not affect the outcome of the trial given that the other evidence presented at trial overwhelmingly supports a finding of guilt. *See State v. Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, ¶ 245 (no plain error in admitting other-acts evidence due to overwhelming evidence of guilt).

{¶ 17} Initially, we note it was defense counsel who inquired and elicited from Officer Nogay on cross-examination that the prior arrest was for OVI. The prosecution had only elicited from Officer Nogay that appellant reminded him he had arrested appellant

previously without specifically eliciting a reference to OVI. Furthermore, appellant could be seen in the video reminding Officer Nogay that he had stopped her within the last 30 days (Ex. D 6:08) and informing Officer Nogay that she did not have a driver's license because it was confiscated and not returned the last time. (Ex. C second file, at 40:57-41:40.) Finally, we note that in the cruiser video, appellant can be seen stating: "The same arresting officer arrests me for the same crime. That is just so suspicious. Whatever." (Ex. C, second file, at 34:09.) Officer Nogay testified he arrested appellant because he observed three traffic violations prior to the stop; he observed a moderate odor of alcohol on appellant's breath; appellant's confusion when asked where she was coming from; her admission to coming from a bar and consuming a beer while there; appellant's slow responses and deliberate speech; her demonstrating six clues of intoxication during the horizontal gaze nystagmus; the vertical nystagmus, three clues of the eight on the walk-and-turn test, and two clues on the one-leg stand. Based on the totality of the circumstances in this case, we can find no plain error.

{¶ 18} Further, we note that the municipal court gave a limiting instruction. The court instructed as follows:

> Evidence was received about the commission of other acts than the offenses which the defendant was charged in this trial. It was not received, and you may not consider it to prove the character of the defendant in order to show she acted in conformity with that character. You must limit your use of this evidence to observations of the Defendant's impairment or lack thereof for the offenses charged in the trial.

(Mar. 20, 2019 Tr. Vol. II at 336.)

{¶ 19} The Supreme Court of Ohio and this court have stated that limiting instructions, which the jury is presumed to follow, reduce the chance that a defendant was materially prejudiced by the admission of testimony, even if improper. *State v. Peterson*, 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 23, citing *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 24 (a limiting instruction lessens prejudicial effect of other-acts evidence); *State v. Bey*, 85 Ohio St.3d 487, 491 (1999).

{¶ 20} Accordingly, appellant's assignment of error is overruled.

## IV. Conclusion

{¶ 21} For the foregoing reasons, appellant's sole assignment of error is overruled and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

SADLER & BEATTY BLUNT, JJ., concur.

————————————