[Cite as *State v. Johnson*, 2022-Ohio-1883.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MATTHEW JOHNSON | : | Case No. 21-CA-66 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
Pleas, Case No. 20-CR-00360


JUDGMENT:          Affirmed


DATE OF JUDGMENT:          June 3, 2022


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

CLIFFORD J. MURPHY          SIERRA SEE
20 North Second Street          73 North Sixth Street
4th Floor          Newark, OH  43055
Newark, OH  43055

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Matthew Johnson, appeals his July 23, 2021 conviction in the Court of Common Pleas of Licking County, Ohio.  Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 30, 2020, the Licking County Grand Jury indicted appellant on one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B).  Said charge arose after Pataskala Police Patrolman Tyler Walker activated his lights and siren and attempted to stop appellant for a traffic violation; however, appellant did not immediately stop.  In fact, a pursuit ensued for almost nine miles during which appellant reached high speeds, negotiated turns, and even momentarily stopped.  Appellant claimed his vehicle had mechanical issues.

{¶ 3}   A jury trial commenced on June 30, 2021.  The jury found appellant guilty as charged.  By judgment entry filed July 23, 2021, the trial court sentenced appellant to two years of community control.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED BY ALLOWING INTO EVIDENCE INADMISSIBLE, AND IRRELEVANT, OTHER ACTS EVIDENCE, IN VIOLATION OF JOHNSON'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL, PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

II

{¶ 6} "THE TRIAL COURT ERRED BY BARRING JOHNSON FROM INTRODUCING EVIDENCE MATERIAL TO HIS DEFENSE, IN VIOLATION OF HIS RIGHT TO DUE PROCESS, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION, AND HIS RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

III

{¶ 7} "MATTHEW JOHNSON'S CONVICTION IS BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION."

IV

{¶ 8} "MATTHEW JOHNSON'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶ 9} In his first assignment of error, appellant claims the trial court erred in allowing into evidence inadmissible and irrelevant other acts evidence. We disagree.

{¶ 10} The admission or exclusion of evidence lies in a trial court's sound discretion "so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991); *State v. Sage,* 31 Ohio St.3d 173, 510 N.E.2d 343 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 11} Evid.R. 404(B) states the following:

**(B) Other Crimes, Wrongs or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶ 12} R.C. 2945.59 governs proof of defendant's motive and states the following:

In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan,

or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

{¶ 13} Both Evid.R. 404(B) and R.C. 2945.59 "preclude admission of other acts evidence to prove a character trait in order to demonstrate conduct in conformity with that trait." *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 16. However, there are exceptions as set forth in Evid.R. 404(B).  In *Williams* at ¶ 20, the Supreme Court of Ohio set forth a three-part test for determining the admissibility of other acts evidence:

The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401.  The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B).  The third step is to consider whether the probative value of

the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R 403.

{¶ 14} Appellant argues the trial court improperly permitted appellee to introduce old outstanding warrants for misdemeanor offenses outside of the county.

{¶ 15} Prior to trial, appellant filed a motion in limine to exclude the outstanding warrants. The trial court heard the motion prior to the start of trial. Defense counsel acknowledged appellant was aware of the outstanding warrants at the time of the incident. T. at 7. The trial court denied the motion, finding the evidence would be admissible under motive for flight given appellant's knowledge of the outstanding warrants and to rebut his claim of a mechanical issue with the vehicle. T. at 10. The trial court gave a limiting instruction to the jury, instructing the jury they could only consider the outstanding warrants for proving motive. T. at 317.

{¶ 16} Following the test set forth in *Williams,* we find the evidence was relevant to prove motive as to why appellant was trying to elude police and the probative value of the outstanding warrants was not substantially outweighed by the danger of unfair prejudice. The trial court provided the jury with a limiting instruction.

{¶ 17} Upon review, we find the trial court did not abuse its discretion in permitting the complained of evidence.

{¶ 18} Assignment of Error I is denied.

II

{¶ 19} In his second assignment of error, appellant claims the trial court erred in barring him from introducing evidence material to his defense. We disagree.

{¶ 20} Again, the standard of review is abuse of discretion. *Sage, supra; Blakemore, supra.*

{¶ 21} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

{¶ 22} Appellant argues he was precluded from admitting his statements made to police regarding the condition of his vehicle and the mechanical problems he was having that evening. Appellant argues his out-of-court statements were not being offered to prove the matter asserted, but to "impeach evidence by the prosecution contending Johnson was not having issues stopping his car due to mechanical problems." Appellant's Brief at 6. Appellant did not exercise his right to testify at trial.

{¶ 23} Appellant's brief does not cite to any pages in the transcript wherein he was precluded from presenting his evidence. In our review of the transcript, we find the trial court permitted appellant to play body camera video of the arrest during which appellant was explaining the mechanical issues with his vehicle. T. at 213-216. Appellant was permitted to cross-exam the witness regarding the statement of how appellant needed a screwdriver to shut off the vehicle, how smoke was coming off of the vehicle, and how the witness believed the vehicle was "dead pretty much." T. at 218-221. The prosecutor objected to any additional video and the trial court sustained the objection. T. at 222-223. Later, defense counsel proffered he would have played the rest of the video which included further statements by appellant "regarding the condition of his vehicle, things that happened that day, that sort of thing." T. at 270-271. Defense counsel would have asked appellant about his statements, "[h]e put brakes on the car, the car was broken,

the key was broken off, he couldn't get it shut off, engine running hot, all that kind of stuff." T. at 272-273. The prosecutor objected on the grounds of hearsay. T. at 271. The trial court explained its reasoning for stopping the video (T. at 271-272):

I let some of it in with regard to what the officers knew, what they were told, and what they did in response to what they were informed about with respect to the condition of the vehicle - - operability, mechanical failure, things like that. So I let some of that in at that point but at - - at the point that we stopped the - - the video where I ruled that any further statements would not be admissible, that was based on my agreement with the State was - - uh - - which was that any - - any statements made by the Defendant being offered to prove the truth of the matter certain will be hearsay. He certainly has a right to testify and can say whatever he wants at that point. Letting in in that form would be hearsay; it would deny the State an opportunity to cross and things like that.

{¶ 24} We concur with the trial court's analysis. Appellant was able to have the jury hear some of his statements regarding mechanical issues without appellee having the opportunity to cross-exam the statements.

{¶ 25} Upon review, we find the trial court did not abuse its discretion in barring appellant from introducing hearsay evidence.

{¶ 26} Assignment of Error II is denied.

III, IV

{¶ 27} In his third and fourth assignments of error, appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.

{¶ 28} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 29} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 30} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 31} Appellant was charged with failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) which states: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

{¶ 32} The jury heard from three witnesses. Pataskala Police Patrolman Tyler Walker testified he was on routine patrol when he noticed a vehicle drive by him with what appeared to have a license plate light out. T. at 159. Patrolman Walker followed the vehicle and observed the vehicle pass another vehicle on a double yellow line going over a bridge. *Id.* Patrolman Walker activated his lights and siren and pursued the vehicle. T. at 161. He reached a speed of approximately 100 m.p.h. and was still unable to catch up to the vehicle. *Id.* The vehicle traveled through a red light and was traveling in excess of 100 m.p.h. in a 35 m.p.h. zone. *Id.* During the pursuit, the vehicle negotiated turns and stopped for about fifteen seconds with the driver yelling he needed a screwdriver to stop the vehicle; the vehicle took off again. T. at 165, 191, 208, 219. The pursuit covered 8.9 miles. T. at 171; State's Exhibits 3 and 4. Videos of the pursuit from a cruiser camera and a body camera were played for the jury. T. at 172-173, 182; State's Exhibits 1 and 2. The vehicle stopped and as Patrolman Walker attempted to make contact with the driver, the vehicle took off again. T. at 179, 183. When the vehicle came to a final stop, appellant was found to be the driver. T. at 195. Appellant voluntarily stopped the vehicle. T. at 223. Smoke was coming off of the vehicle. T. at 219, 221. Appellant had outstanding warrants and a suspended driver's license. T. at 183-185, 196.

{¶ 33} Pataskala Police Officer Johnnessa Justice testified to joining in the pursuit. T. at 234. Officer Justice corroborated Patrolman Walker's testimony. T. at 236-242.

{¶ 34} Pataskala Police Sergeant Michael Reitz testified to also joining in the pursuit. T. at 277-278. After the vehicle was stopped, he looked underneath the vehicle because appellant claimed the vehicle blew a brake line. T. at 286. Sergeant Reitz did not see any brake fluid. *Id.* Prior to becoming a police officer, Sergeant Reitz was a mechanic. *Id.*

{¶ 35} In reviewing the evidence in a light most favorable to the prosecution, we find sufficient evidence, if believed, to support the conviction for failure to comply with the order or signal of a police officer. We do not find that the jury lost its way nor do we find any manifest miscarriage of justice.

{¶ 36} Assignments of Error III and IV are denied.

{¶ 37} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Delaney, J. concur.

EEW/db