[Cite as *State v. Hartley*, 2025-Ohio-3048.]

## COURT OF APPEALS STARK COUNTY, OHIO
## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2024CA00117 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Canton Municipal Court, Case No. 2024CRB1009 |
| NICHOLAS HARTLEY | Judgment: Affirmed in part: Vacated in part; Remanded in part |
| Defendant – Appellant | Date of Judgment Entry: August 26, 2025 |

**BEFORE:** William B. Hoffman, Andrew J. King, Robert G. Montgomery, Appellate Judges

**APPEARANCES:** Jason P. Reese, Canton Law Director, Katie M. Erchick Gilbert, Canton City Prosecutor, Kristina Lockwood, Chief Assistant Prosecutor, for Plaintiff-Appellee; D. Coleman Bond, for Defendant-Appellant.

OPINION

*Hoffman, P.J.*

{¶1}   Defendant-appellant Nicholas Hartley appeals the judgment entered by the Canton Municipal Court convicting him following jury trial of criminal damaging (R.C. 2909.06(A)(1)), and sentencing him to ninety days in the Stark County Jail.   Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On February 1, 2025, Appellant was seated in a courtroom gallery in the Canton Municipal Court, waiting for his appearance for a traffic citation.   Officer David Wright of the Canton Police Department was working in the courthouse securing inmates for court appearances.  As Officer Wright passed Appellant in the gallery of the courtroom, Appellant asked to speak to the officer.   Appellant said to Officer Wright, "You're a fucking pig."  Tr. 49.  The officer asked Appellant to step into the lobby, so as not to disturb court.

{¶3}   In the lobby Appellant became very loud and vulgar.   The officer told Appellant to be seated, and a bailiff would call him when it was time for Appellant's court appearance.   Appellant continued cursing loudly.   Officer Gary Premier heard the disturbance from inside the courtroom, and came to the lobby to assist Officer Wright.

{¶4}   The officers escorted Appellant outside the building, where Appellant continued to create a disturbance.  Appellant blocked the entrance to the building, forcing people to enter through the exit.  The officers called for backup.

{¶5}   Officers attempted to bring Appellant back into the courthouse for his hearing.  However, Appellant refused to put his phone down in order to walk through the

metal detector. Appellant was escorted by officers back outside the building, where he became more agitated. Appellant was arrested by Sergeant Larry Legg.

{¶6} Sgt. Legg escorted Appellant to a holding cell inside the Canton Municipal Courthouse. Appellant continued to yell at the officers. For approximately forty minutes, Appellant repeatedly kicked the door of the holding cell. The door shook when Appellant kicked the door. The officer warned Appellant he was damaging the door, and Appellant responded he did not care. The door displayed signs of damage, and would no longer open properly.

{¶7} Appellant was initially charged with vandalism as a felony of the fifth degree, and disorderly conduct as a misdemeanor of the fourth degree. The case was bound over to the Stark County Grand Jury. The Grand Jury indicted Appellant with criminal damaging or endangering, a misdemeanor of the second degree, in violation of R.C. 2909.06(A)(1). The case was transferred back to the Canton Municipal Court.

{¶8} The case proceeded to jury trial. The jury found Appellant guilty, and the trial court convicted Appellant in accordance with the jury's verdict. The trial court sentenced Appellant to ninety days in the Stark County Jail, with all but seven days suspended on condition of good behavior for two years. Appellant was ordered to complete fifty hours of supervised community service in lieu of jail days and placed on probation for two years. It is from the July 26, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT FOR THE OFFENSE OF CRIMINAL DAMAGING OR ENDANGERING IN VIOLATION OF R. C. 2909.06(A)(1).

II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED, AND MUST BE REVERSED.

III. THE TRIAL COURT ERRED IN ALLOWING THE ADMISSION OF TESTIMONIAL AND VIDEO EVIDENCE CONCERNING ALLEGATIONS OF PRIOR CRIMES, WRONGS, OR ACTS BY APPELLANT, IN VIOLATION OF OHIO EVID. R. 402, 403, AND 404(B). THE INTRODUCTION OF THIS EVIDENCE WAS IRRELEVANT, PREJUDICIAL, AND IMPROPERLY USED TO SUGGEST THAT APPELLANT ACTED IN CONFORMITY WITH PRIOR ACTS TO PROVE GUILT REGARDING THE CHARGED OFFENSE OF CRIMINAL DAMAGING OR ENDANGERING.

IV. THE TRIAL COURT FAILED TO AFFORD APPELLANT AN OPPORTUNITY FOR ALLOCUTION PRIOR TO SENTENCING, AND AS SUCH THE SENTENCE WAS AN ABUSE OF DISCRETION.

I., II.

{¶9} In his first and second assignments of error, Appellant argues the judgment convicting him of criminal damaging or endangering is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

**{¶10}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

**{¶11}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175 (1st Dist. 1983).

**{¶12}** Appellant was convicted of criminal damaging or endangering in violation of R.C. 2909.06(A)(1):

(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:

(1) Knowingly, by any means[.]

**{¶13}** Appellant argues the State did not present sufficient evidence to prove he damaged the door or created a substantial risk of physical harm to the door. He argues the judgment is against the manifest weight of the evidence for the same reason, and

also argues the jury lost its way because of the erroneous admission of other acts evidence.[1]

**{¶14}** Sgt. Legg testified Appellant kicked and pushed his body against the door of the holding cell for approximately forty minutes.  Sgt. Legg's body camera video, admitted into evidence at trial, shows the door shook from the force of Appellant kicking the door.  Appellant continued to kick the door despite warnings from Sgt. Legg about damaging the door.  The photos admitted into evidence show scuff marks and a crease on the door.  While the officer could not affirmatively testify the door was completely free of damage prior to Appellant being placed inside, the officer testified the door to the cell opened easily at the time he placed Appellant inside, but did  not open properly when he retrieved Appellant from the cell later.  We find the State presented sufficient evidence from which the jury could find Appellant knowingly created a substantial risk of physical harm to the door, or caused physical harm to the door.  We further find the jury did not lose its way in finding Appellant either damaged the door or created a substantial risk of physical harm to the door, and the judgment of conviction is therefore not against the manifest weight of the evidence.

**{¶15}** The first and second assignments of error are overruled.

III.

**{¶16}** In his third assignment of error, Appellant argues the testimony and body camera video admitted into evidence showing his behavior in the courthouse prior to being placed in the holding cell constituted inadmissible other bad acts evidence in violation of Evid.R. 404(B).  We disagree.

---

[1]The issue of the admissibility of other acts evidence is assigned separately in Appellant's third assignment of error, and will be addressed separately.

**{¶17}** At the outset, we note Appellant argues the State did not provide written notice of its intent to rely on other acts evidence, as required by Evid.R. 404(B)(2). Appellant has failed to separately assign the State's failure to provide notice as error. Pursuant to App. R. 12(A)(2), we disregard any argument not separately assigned as error as required by App. R. 16(A).

**{¶18}** Appellant filed a motion in limine to exclude evidence of his behavior prior to his placement in the holding cell on the basis the evidence was not relevant and the danger of unfair prejudice outweighed its probative value, in violation of Evid.R. 402 and 403. Throughout trial and at the end of trial, Appellant noted his continuing objection to this evidence on the basis of relevance. However, Appellant did not specifically object in the trial court to admission of the evidence violated Evid.R. 404(B). Accordingly, we must find plain error in order to reverse. To establish plain error, Appellant must show an error occurred, the error was obvious, and there is a reasonable probability the error resulted in prejudice, meaning the error affected the outcome of the trial. *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, *citing State v. Rogers*, 2015-Ohio-2459, ¶ 22.

**{¶19}** "A trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.,* 58 Ohio St.3d 269, 271(1991).

**{¶20}** Evid.R. 404(B) provides in pertinent part:

(B) Other Crimes, Wrongs or Acts.

*(1) Prohibited Uses*. Evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses; Notice*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**{¶21}** Evid.R. 403(A) provides, "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

**{¶22}** "Evid.R. 404(B) categorically prohibits evidence of a defendant's other acts when its only value is to show that the defendant has the character or propensity to commit a crime." *State v. Smith*, 2020-Ohio-4441, ¶ 36. Other acts evidence may, however, be admissible for another non-character-based purpose, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B)(2). "The key is that the evidence must prove something other than the defendant's disposition to commit certain acts." *State v. Hartman*, 2020-Ohio-4440, ¶ 22.

**{¶23}** In *State v. Williams*, 2012-Ohio-5695, the Ohio Supreme Court set forth a three-part analysis for consideration of admissibility of other acts evidence:

The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R. 403.

**{¶24}** *Id*. at ¶ 20.

**{¶25}** Other acts evidence may also be admitted when those acts form part of the "immediate background of the alleged act," as part of the res gestae of the charged crime. *State v. David*, 2021-Ohio-4004, ¶ 16 (1st Dist.). "There are occasions when the other-acts evidence is so inextricably intertwined with the charged conduct that its admission is necessary to give the complete picture of what occurred." *State v. Wilkinson*, 64 Ohio St.2d 308, 318 (1980).

**{¶26}** The admissibility of other acts evidence pursuant to Evid.R. 404(B) is a question of law. *Hartman* at ¶ 22. A trial court is precluded from admitting improper character evidence under Evid.R. 404(B), but it has discretion to allow other acts evidence which is admissible for a permissible purpose*. Id., citing Williams* at ¶ 17.

**{¶27}** Pursuant to *Williams*, we first consider whether the evidence was relevant. We find the evidence of Appellant's behavior immediately prior to being placed in the holding cell was relevant to demonstrate he knowingly damaged the door or created a substantial risk of harm to the door by kicking it repeatedly. The evidence demonstrated his anger and disruptive behavior toward the police officers working at the courthouse continued despite the officers' attempts to deescalate Appellant's behavior, in order to allow him to complete his business at the courthouse.

**{¶28}** We next consider whether the evidence was presented to prove the character of the accused in order to show activity in conformity therewith, or whether the other acts evidence was presented for a legitimate purpose. We find the evidence was presented for the legitimate purpose of demonstrating the res gestae of the offense of criminal damaging or endangering. Appellant's actions in the holding cell were a continuation of his actions in the courthouse which led to his arrest, and ultimately to his placement in the holding cell. Without evidence of what happened in the courthouse earlier, the jury would have no context for Appellant's placement in the holding cell at the courthouse. His actions throughout the encounter are inextricably intertwined, and evidence of what occurred prior to Appellant's placement in the holding cell was necessary to provide the jury with a complete picture of the offense. Further, we find the evidence was admissible to show his motive or intent in kicking the door for forty minutes while in the holding cell.

**{¶29}** Finally, we must consider whether the probative value of the evidence was outweighed by its probative value. We find the trial court's decision the probative value of the evidence to demonstrate Appellant's motive and intent, as well as to establish the

res gestae of the charged offense, outweighed the prejudicial effect of the evidence did not constitute an abuse of discretion.

{¶30} We find the trial court did not commit plain error in admitting other acts evidence.  The third assignment of error is overruled.

IV.

{¶31} In his fourth assignment of error, Appellant argues the trial court erred in failing to afford him his right to allocution prior to sentencing as required by Crim. R. 32(A)(1).  The State concedes this assignment of error, and agrees the case must be remanded for resentencing.

{¶32}  The fourth assignment of error is sustained.

{¶33}  The judgment of the Canton Municipal Court convicting Appellant of criminal damaging or endangering is affirmed.  The sentence is vacated, and this case is remanded for resentencing.  Costs are assessed to Appellant.

By: Hoffman, P.J.

King, J. and

Montgomery, J. concur